UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| SKYLAR HESSON SALEM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 15-2209-CM |
| | ) | |
| THE STATE OF KANSAS, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

| | | |
|---|---|---|
| SKYLAR HESSON SALEM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 15-2285-CM |
| | ) | |
| COMPASS, | ) | |
| SOUTHWEST CASE, and | ) | |
| THE STATE OF KANSAS, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

| | | |
|---|---|---|
| SKYLAR HESSON SALEM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 15-2289-CM |
| | ) | |
| GRAY COUNTY KANSAS SHERIFF | ) | |
| and THE STATE OF KANSAS, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

| | | |
|---|---|---|
| SKYLAR HESSON SALEM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 15-2307-CM |
| | ) | |
| GRAY COUNTY SHERIFF | ) | |

DEPARTMENT, JEFF SHARP, and          )
THE STATE OF KANSAS,                 )
                                     )
                    Defendants.      )
_____      )


SKYLAR HESSON SALEM,                 )
                                     )
                    Plaintiff,       )
v.                                   )          Case No. 15-2309-CM
                                     )
ERIC HARMAN and                      )
THE STATE OF KANSAS,                 )
                                     )
                    Defendants.      )
_____      )


SKYLAR HESSON SALEM,                 )
                                     )
                    Plaintiff,       )
v.                                   )          Case No. 15-2310-CM
                                     )
JOSEPH SALEM and                     )
H.E. SALEM CORPORATION,              )
                                     )
                    Defendants.      )
_____      )


SKYLAR HESSON SALEM,                 )
                                     )
                    Plaintiff,       )
v.                                   )          Case No. 15-2311-CM
                                     )
SHAWNEE POLICE DEPARTMENT            )
and JOHNSON COUNTY SHERRIFF          )
DEPARTMENT,                          )
                                     )
                    Defendants.      )
_____      )


SKYLAR HESSON SALEM,                 )
                                     )
                    Plaintiff,       )

v.                                    )        Case No. 15-2312-CM
                                      )
MEADE COUNTY JAIL and                 )
THE STATE OF KANSAS,                  )
                                      )
            Defendants.               )
_____       )


SKYLAR HESSON SALEM,                  )
                                      )
            Plaintiff,                )
v.                                    )        Case No. 15-2313-CM
                                      )
TIFFONY GASSELING,                    )
THE STATE OF KANSAS, and              )
KDOC,                                 )
                                      )
            Defendants.               )
_____       )


SKYLAR HESSON SALEM,                  )
                                      )
            Plaintiff,                )
v.                                    )        Case No. 15-2320-CM
                                      )
JOSEPH E. SALEM, and                  )
H.E. SALEM CORPORATION,               )
                                      )
            Defendants.               )
_____       )


SKYLAR HESSON SALEM,                  )
                                      )
            Plaintiff,                )
v.                                    )        Case No. 15-2321-CM
                                      )
FRED BALTHAZOR,                       )
THE STATE OF KANSAS,                  )
KDOC, R.J. COOK, and                  )
TIFFONY GASSELING,                    )
                                      )
            Defendants.               )
_____       )

SKYLAR HESSON SALEM,                      )
                                          )
                          Plaintiff,      )
v.                                        )          Case No. 15-2588-CM
                                          )
KANSAS CITY, MISSOURI,                    )
POLICE DEPARTMENT,                        )
                                          )
                          Defendant.      )
_____       )


SKYLAR HESSON SALEM,                      )
                                          )
                          Plaintiff,      )
v.                                        )          Case No. 15-2590-CM
                                          )
WALMART,                                  )
                                          )
                          Defendant.      )
_____       )


SKYLAR HESSON SALEM,                      )
                                          )
                          Plaintiff,      )
v.                                        )          Case No. 15-2607-CM
                                          )
JOSEPH SALEM and                          )
H.E. SALEM CORPORATION,                   )
                                          )
                          Defendants.     )
_____       )


SKYLAR HESSON SALEM,                      )
                                          )
                          Plaintiff,      )
v.                                        )          Case No. 15-2608-CM
                                          )
JIM KRAMER and                            )
THE STATE OF KANSAS,                      )
                                          )
                          Defendants.     )
_____       )

SKYLAR HESSON SALEM,                    )
                                        )
                    Plaintiff,          )
v.                                      )          Case No. 15-2609-CM
                                        )
DORALYN DAY and                         )
STATE OF MISSOURI,                      )
                                        )
                    Defendants.         )
_____         )

SKYLAR HESSON SALEM,                    )
                                        )
                    Plaintiff,          )
v.                                      )          Case No. 15-2622-CM
                                        )
STACY PYLE and NATHAN PYLE,             )
                                        )
                    Defendants.         )
_____         )

SKYLAR HESSON SALEM,                    )
                                        )
                    Plaintiff,          )
v.                                      )          Case No. 15-2627-CM
                                        )
JUDITH WALDRON,                         )
                                        )
                    Defendant.          )
_____         )

SKYLAR HESSON SALEM,                    )
                                        )
                    Plaintiff,          )
v.                                      )          Case No. 15-2637-CM
                                        )
VALLEY VIEW BANK and                    )
BANCABILITY,                            )
                                        )
                    Defendants.         )
_____         )

SKYLAR HESSON SALEM,                      )
                                          )
                        Plaintiff,        )
v.                                        )      Case No. 15-2638-CM
                                          )
McDONALDS,                                )
                                          )
                        Defendant.        )
_____          )

SKYLAR HESSON SALEM,                      )
                                          )
                        Plaintiff,        )
v.                                        )      Case No. 15-2641-CM
                                          )
SHAWNEE POLICE DEPARTMENT,                )
                                          )
                        Defendant.        )
_____          )

SKYLAR HESSON SALEM,                      )
                                          )
                        Plaintiff,        )
v.                                        )      Case No. 15-2644-CM
                                          )
CHEX SYSTEMS, INC.                        )
                                          )
                        Defendant.        )
_____          )

SKYLAR HESSON SALEM,                      )
                                          )
                        Plaintiff,        )
v.                                        )      Case No. 15-2645-CM
                                          )
CAPITAL ONE,                              )
                                          )
                        Defendant.        )
_____          )

SKYLAR HESSON SALEM,                      )
                                          )
                        Plaintiff,        )
v.                                        )      Case No. 15-2647-CM

VALLEY VIEW BANK and   )
BANCABILITY,       )
            )
    Defendants.  )
_____ )

SKYLAR HESSON SALEM,  )
            )
    Plaintiff,   )
v.            )   Case No. 15-2648-CM
            )
JOSEPH SALEM and    )
H.E. SALEM CORPORATION, )
            )
    Defendants.  )
_____ )

SKYLAR HESSON SALEM,  )
            )
    Plaintiff,   )
v.            )   Case No. 15-2653-CM
            )
KANSAS BUREAU OF    )
INVESTIGATION,     )
            )
    Defendant.   )
_____ )

SKYLAR HESSON SALEM,  )
            )
    Plaintiff,   )
v.            )   Case No. 15-2654-CM
            )
MERRIAM POLICE DEPARTMENT, )
            )
    Defendant.   )
_____ )

## **REPORT AND RECOMMENDATION**

The pro se plaintiff, Skylar Hesson Salem, has filed twenty-seven cases (captioned

above) in just the first three months of this year.  The form complaints contain very little information and largely consist of nothing more than single words separated by commas. The defendants in many of the cases overlap.  In order to gain some clarity into plaintiff's alleged harms and discuss with plaintiff the possibility of consolidating his complaints, the undersigned U.S. Magistrate Judge, James P. O'Hara, conducted a status conference on March 3, 2015.  Despite the extraordinary steps taken by the undersigned to procure plaintiff's presence at the conference, plaintiff did not attend.  Plaintiff's claims therefore remain unintelligible to the court and appear to lack a basis for relief.

In the eighteen cases pending on the date of the status conference, the undersigned entered an order directing plaintiff to show cause by March 18, 2015, "why the cases should not be dismissed with prejudice to refiling any case based on the same set of circumstances, based on plaintiff's lack of prosecution and participation."[1]  Plaintiff did not respond to the show cause order.  During the response period, however, plaintiff did file nine additional cases that suffer from the same defects as the original eighteen cases. As discussed below, the undersigned recommends that the eighteen original cases be dismissed for lack of prosecution and failure to respond to the show cause order, that the subsequent nine cases be dismissed under 28 U.S.C. § 1915(e)(2) for (among other things) failing to state a claim upon which relief may be granted, and that plaintiff be directed to show cause why he should not be prohibited from filing any additional cases without advance permission of the court.

## I.      Failure to Prosecute or Respond to Show Cause Order (Eighteen Cases)

---

[1] *See, e.g.,* Case No. 15-2627, ECF doc. 6, at 7.

The undersigned's order to show cause entered on March 3, 2015, in case numbers 15-2209, 15-2285, 15-2289, 15-2307, 15-2309, 15-2310, 15-2311, 15-2312, 15-2313, 15-2320, 15-2321, 15-2588, 15-2590, 15-2607, 15-2608, 15-2609, 15-2622, and 15-2627, set forth in detail the steps taken by the court to ensure plaintiff's participation in those cases (including the issuance of orders and telephoning plaintiff's residence multiple times).  It also discussed the undersigned's explicit warning to plaintiff that his failure to appear for the scheduled status conference could result in dismissal of his cases.  Finally, it noted that plaintiff failed to respond to a motion to consolidate filed in Case No. 15-2209.  Based on "plaintiff's failure to attend the status conference despite the court's multiple warnings and reminders, plaintiff's failure to otherwise contact the court to discuss case scheduling, and plaintiff's failure to respond to the single defense motion that is now ripe," the undersigned ordered plaintiff to show cause, in writing, by March 18, 2015, why these cases should not be dismissed with prejudice to refiling.

The court mailed the show cause order to plaintiff via certified mail, and the certified mail receipt was returned as delivered on March 5, 2015.[2]  Plaintiff has not filed a response to the show cause order.   Nor has plaintiff taken any further action to prosecute these cases.   For example, plaintiff has failed to respond to the motion to dismiss filed in Case No. 15-2209.[3]  Rule 41(b) of the Federal Rules of Civil Procedure

---

[2] *See, e.g.,* Case No. 15-2209, ECF doc. 16.

[3] ECF doc. 12.

permits the court to dismiss an action for failure to prosecute.[4]   The undersigned recommends that the presiding U.S. District Judge, Carlos Murguia, dismiss with prejudice the first eighteen cases filed based on plaintiff's failure to show cause why the cases should not be dismissed for failure to prosecute.

## II.   Screening Under 28 U.S.C. § 1915(e)(2) (Nine Cases)

In the week following the entry of the show cause order, plaintiff filed nine new cases with the court, which were assigned case numbers 15-2637, 15-2638, 15-2641, 15-2644, 15-2645, 15-2647, 15-2648, 15-2653, 15-2654.   The court granted plaintiff leave to proceed with each of these cases without prepayment of fees pursuant to 28 U.S.C. § 1915.[5]

When a party is proceeding in forma pauperis, § 1915(e) requires the court to screen the party's complaint.  The court must dismiss the case if the court determines that the action (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from suit.[6]   The purpose of § 1915(e) is to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious

---

[4] *See Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir.  2007).

[5] ECF doc. 4 in each case.

[6] 28 U.S.C. §1915(e)(2)(B).

suits under Federal Rule of Civil Procedure 11."[7]  The screening procedure set out in §
1915(e) applies to all litigants, prisoners and non-prisoners alike.[8]

In applying § 1915(e) to the pleadings of a pro se litigant, the court must liberally
construe the pleadings and hold them to a less stringent standard than formal pleadings
drafted by attorneys.[9]  This does not mean, however, that the court must become an
advocate for the pro se plaintiff.[10]  "To state a claim, the plaintiff must provide 'enough
facts to state a claim to relief that is plausible on its face.'"[11] The "court need not accept
allegations that state only legal conclusions."[12] Dismissal is appropriate when "it is
obvious that the plaintiff cannot prevail on the facts []he has alleged and it would be
futile to give [him] an opportunity to amend."[13]  Such is the case when, for example, a
plaintiff cannot assert a basis for subject matter jurisdiction.[14]

---

[7] *Trujillo v. Williams*, 465 F.3d 1210, 1216 (10th Cir. 2006) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

[8] *See Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).

[9] *Johnson v. Johnson*, 466 F.3d 1213, 1214 (10th Cir. 2006).

[10] *Lyons v. Kyner*, 367 F. App'x 878, 881 (10th Cir. 2010).

[11] *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[12] *Peoples v. Langley/Empire Candle Co.*, No. 11-2469, 2012 WL 171340, at *2 (D. Kan. Jan. 20, 2012) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

[13] *Phillips v. Layden*, No. 11-7011, 2011 WL 4867548, at *1 (10th Cir. Oct. 14, 2011) (internal quotation and citation omitted).

[14] *Wright v. Alexander*, 559 F. App'x 765, 765 (10th Cir. 2014).

Plaintiff's form complaints are difficult to comprehend and fail to state legal claims. In addition, some fail to assert a basis for subject matter jurisdiction.  The court will address each briefly.

<u>Salem v. Valley View Bank, et al., Case Nos. 15-2637 and 15-2647.</u>  Plaintiff sues Valley View Bank and Bancability in two of the recently filed nine cases.  In Case No. 15-2637, plaintiff's statement of claim reads: "On and before March 1, 2015 including Chex Systems, Gray County Sheriff, Valley View Bank tampered with my account checking and atm/debit card, slander, harm, libel, internet, entries."[15]  In Case No. 15-2647, plaintiff's statement of claim reads: "Telephone Tyler, federal lawsuit Visa, tampering, chemicals, harm, libel, slander."[16]  It is unclear whether these complaints arise from the same incident.  At no place in either complaint does plaintiff provide facts to clarify his claim or support his legal conclusions.

The undersigned recommends that plaintiff's complaints be dismissed for failure to state a claim.  Plaintiff provides no description of the facts supporting his claims. Rather, plaintiff makes only "vague, rambling" assertions without providing any detail from which defendants might frame an answer.[17]  His "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be

---

[15] ECF doc. 1 at 3–4.

[16] ECF doc. 1 at 3.

[17] *Collier-Kinnell v. United States*, No. 10-4140, 2010 WL 4807075, at *2 (D. Kan. Nov. 17, 2010) (dismissing case under 28 U.S.C. § 1915(e)).

based."[18]   In addition, plaintiff has not demonstrated that the court has subject matter jurisdiction over his claims.  Plaintiff's complaints cannot be read to allege a violation of federal law, so the court assumes he is attempting to proceed under the court's diversity jurisdiction.[19]   Plaintiff cannot establish a basis of diversity jurisdiction, however, because he alleges that both he and defendants are citizens of Kansas.  For these reasons, the undersigned finds that it would be futile to give plaintiff leave to amend his complaints.

Salem v. McDonalds, Case No. 15-2638.  Plaintiff's statement of claim reads: "March 2 2015 and before McDonalds has used tactics involving price game, chemicals, contamination, visa, netspend, gillum, employee, slander, harm."[20]   In another section of his complaint, plaintiff adds that McDonalds "overcharged items" and had a "dirty environment."[21]   Plaintiff's complaint supplies no other facts to support his legal conclusions.

The undersigned recommends that plaintiff's complaint be dismissed for failure to state a claim.  Plaintiff provides no description of the facts supporting his claim.  Rather, plaintiff makes only "vague, rambling" assertions without providing any detail from

---

[18] *Hall*, 935 F.2d at 1110.

[19] *See* 28 U.S.C. § 1332(a).

[20] ECF doc. 1 at 3.

[21] *Id.*

which defendants might frame an answer.[22] These "unintelligible ramblings" indicate that the complaint is frivolous.[23] Moreover, plaintiff's "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based."[24] The undersigned finds that it would be futile to give plaintiff leave to amend his complaint.

Salem v. Shawnee Police Department, Case No. 15-2641. Plaintiff's statement of claim reads: "Since and before March 4, 2015 Shawnee Police Department has used tactics from false arrest, game, visa, valleyview bank, stalking, privacy, slander, libel, officer Gillum, patrol."[25] Plaintiff's complaint supplies no facts to support these legal conclusions.

The undersigned recommends that plaintiff's complaint be dismissed as frivolous and for failure to state a claim. Plaintiff provides no description of the facts supporting his claim. Rather, plaintiff makes only "vague, rambling" assertions without providing any detail from which defendants might frame an answer.[26] These "unintelligible ramblings" indicate that the complaint is frivolous.[27] Moreover, plaintiff's "conclusory

---

[22] *Collier-Kinnell,* 2010 WL 4807075, at *2.

[23] *Triplett v. Triplett*, 166 F. App'x 338, 339–40 (10th Cir. 2006).

[24] *Hall*, 935 F.2d at 1110.

[25] ECF doc. 1 at 3.

[26] *Collier-Kinnell,* 2010 WL 4807075, at *2.

[27] *Triplett*, 166 F. App'x at 339–40.

allegations without supporting factual averments are insufficient to state a claim on which relief can be based."[28]   The undersigned finds that it would be futile to give plaintiff leave to amend his complaint.

Salem v. Chex Systems, Inc., Case No. 15-2644.   Plaintiff's statement of claim reads: "2-22-2015 slander, libel, American Express, Gereld Woolwine, Lorned State hospital, Jeff Sharp, Valley View Bank, Capital One, harm."[29]   Plaintiff's complaint supplies no facts to support these legal conclusions (to the extent any are asseted).

The undersigned recommends that plaintiff's complaint be dismissed as frivolous and for failure to state a claim.   Plaintiff provides no description of the facts supporting his claim.   Rather, plaintiff makes only "vague, rambling" assertions without providing any detail from which defendants might frame an answer.[30]   These "unintelligible ramblings" indicate that the complaint is frivolous.[31]   Moreover, plaintiff's "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based."[32]   The undersigned finds that it would be futile to give plaintiff leave to amend his complaint.

Salem v. Capital One, Case No. 15-2645.   Plaintiff's statement of claim reads:

---

[28] *Hall*, 935 F.2d at 1110.

[29] ECF doc. 1 at 3.

[30] *Collier-Kinnell,* 2010 WL 4807075, at *2.

[31] *Triplett*, 166 F. App'x at 339–40.

[32] *Hall*, 935 F.2d at 1110.

"March 4 2015 and before account tampering, chemicals, Gray Deputy Sheriff Jeff Sharp, AT&T, AMEX, Mastercard, Valley, slander, libel, harm, fraud."[33]   Plaintiff's complaint supplies no facts to support these legal conclusions (to the extent any are asserted).

The undersigned recommends that plaintiff's complaint be dismissed as frivolous and for failure to state a claim.  Plaintiff provides no description of the facts supporting his claim.  Rather, plaintiff makes only "vague, rambling" assertions without providing any detail from which defendants might frame an answer.[34]   These "unintelligible ramblings" indicate that the complaint is frivolous.[35]   Moreover, plaintiff's "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based."[36]   The undersigned finds that it would be futile to give plaintiff leave to amend his complaint.

Salem v. Joseph Salem and H.E. Salem Corporation, Case No. 15-2648. Plaintiff's statement of claim reads: "3/6/2015 Gray County Deputy Sheriff along with several others including Compess, Laura Lewis, Eric Herman, Cimerron Motor Supply, Central Bank, Siemens, Mail game, other tactics, chemicals, interfere, slander, libel,

---

[33] ECF doc. 1 at 3.

[34] *Collier-Kinnell,* 2010 WL 4807075, at *2.

[35] *Triplett*, 166 F. App'x at 339–40.

[36] *Hall*, 935 F.2d at 1110.

harm, privacy."[37]   Plaintiff's complaint supplies no facts to support these legal conclusions (to the extent any are asserted).

The undersigned recommends that plaintiff's complaint be dismissed for failure to state a claim.  Plaintiff provides no description of the facts supporting his claims.  Rather, plaintiff makes only "vague, rambling" assertions without providing any detail from which defendants might frame an answer.[38]   His "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based."[39]   In addition, plaintiff has not demonstrated that the court has subject matter jurisdiction over his claims.  Plaintiff's complaint cannot be read to allege a violation of federal law, so the court assumes he is attempting to proceed under the court's diversity jurisdiction.[40]   Plaintiff cannot establish a basis of diversity jurisdiction, however, because he alleges that both he and defendants are citizens of Kansas.  For these reasons, the undersigned finds that it would be futile to give plaintiff leave to amend his complaint.

<u>Salem v. Kansas Bureau of Investigation, Case No. 15-2652.</u>  Plaintiff's statement of claim reads: "tactics, chemicals, bank, Valley View bank, netspend, Walmart, computer, united telcom, wire tap, slander, horrible harm, interfering court, larned,

---

[37] ECF doc. 1 at 3–4.

[38] *Collier-Kinnell,* 2010 WL 4807075, at *2.

[39] *Hall*, 935 F.2d at 1110.

[40] *See* 28 U.S.C. § 1332(a).

compass, Jeff Sharp, Library Clerk, Equifax, Kalbid Salem, Otto Salem, Mede Donna, Eve, Kevin."[41] This is nothing but a series of words strung together. To the extent plaintiff's complaint could be read to assert a legal claim, it supplies no facts to support that claim.

The undersigned recommends that plaintiff's complaint be dismissed as frivolous and for failure to state a claim. Plaintiff provides no description of the facts supporting any legal claim. Rather, plaintiff makes only "vague, rambling" assertions without providing any detail from which defendants might frame an answer.[42] These "unintelligible ramblings" indicate that the complaint is frivolous.[43] Moreover, plaintiff's "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based."[44] In addition, the Kansas Bureau of Investigation is likely immune from suit.[45] For these reasons, the undersigned finds that it would be futile to give plaintiff leave to amend his complaint.

<u>Salem v. Merriam Police Department, Case No. 15-2654.</u> Plaintiff's statement of claim reads: "9-9-2015 and before, Morrison interrogation, not marked, tactic, Valley

---

[41] ECF doc. 1 at 3.

[42] *Collier-Kinnell,* 2010 WL 4807075, at *2.

[43] *Triplett*, 166 F. App'x at 339–40.

[44] *Hall*, 935 F.2d at 1110.

[45] *See Hernandez v. Conde*, 442 F. Supp. 2d 1131, 1136 (D. Kan. 2006); *Miles v. Kansas*, No. 11-4180, 2012 WL 3442413, at *2 (D. Kan. 2012).

View bank, Tampering, Chemicals, Cap One, Stacy."[46]   This is nothing but a series of words strung together.   The date allegedly associated with the words has not yet passed. To the extent plaintiff's complaint could be read to assert a legal claim, it supplies no facts to support that claim.

The undersigned recommends that plaintiff's complaint be dismissed as frivolous and for failure to state a claim.   Plaintiff provides no description of the facts supporting a legal claim.   Rather, plaintiff makes only "vague, rambling" assertions without providing any detail from which defendants might frame an answer.[47]   These "unintelligible ramblings" indicate that the complaint is frivolous.[48]   Moreover, plaintiff's "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based."[49]   For these reasons, the undersigned finds that it would be futile to give plaintiff leave to amend his complaint.

It is therefore recommended that Judge Murguia dismiss with prejudice the above nine cases under 28 U.S.C. § 1915(e)(2).

## III.   The Possibility of Future Filing Restrictions

The undersigned also recommends that plaintiff be ordered to show cause why he should not be prohibited from filing any additional cases without advance permission of

---

[46] ECF doc. 1 at 3.

[47] *Collier-Kinnell,* 2010 WL 4807075, at *2.

[48] *Triplett*, 166 F. App'x at 339–40.

[49] *Hall*, 935 F.2d at 1110.

the court.

"The right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious."[50]   The goal of fairly dispensing justice is compromised when the court is forced to devote limited resources to processing repetitious and frivolous claims.[51]   Thus, federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions under appropriate circumstances.[52]   In considering whether filing restrictions are appropriate, the court takes five factors into account:  (1) the litigant's history of litigation and whether it entails vexatious, harassing, or duplicative lawsuits; (2) the litigant's motive in pursuing litigation, e.g., whether the litigant has an objective, good-faith expectation of prevailing; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether lesser sanctions would be adequate to protect the courts and other parties.[53]

Although plaintiff should be given an opportunity to address these factors and any filing restrictions Judge Murguia might consider, the undersigned's initial review

---

[50] *Sieverding v. Colo. Bar Ass'n*, 469 F.3d 1340, 1343 (10th Cir. 2006) (quoting *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989)).

[51] *In re Sindram*, 498 U.S. 177, 180 (1991).

[52] *Tripati*, 878 F.2d at 352.

[53] *Roberts v. Colvin,* No. 14-4098, 2014 WL 5406891, at *1 (D. Kan. Oct. 22, 2014); *Gilkey v. ADT Sec. Servs., Inc.*, No. 11-1369, 2013 WL 6154595, at *2 (D. Kan. Nov. 21, 2013).

indicates that all five factors weigh in favor of imposing restrictions.  As noted above, plaintiff filed twenty-seven lawsuits in less than three months.  The defendants in many of those lawsuits overlap.  For example, the State of Kansas is named as a defendant in nine of the cases, and Joseph Salem and H.E. Salem Corporation are named as defendants in four cases.  Many of the cases seem to stem from the same operative facts, namely, plaintiff's arrest on September 19, 2014, and his subsequent incarceration at the Mead County Jail.[54]  It is clear that plaintiff has an established history of filing duplicative lawsuits.

Plaintiff's motives in filing these actions are unclear.  However, because plaintiff has failed to take any steps to prosecute the cases, and because plaintiff has refused to speak with the undersigned about the cases, the court cannot find that plaintiff has an objective good faith expectation of prevailing.

Plaintiff is not represented by counsel in any of the cases, which weighs in favor of filing restrictions.

Plaintiff's refusal to participate in his filed cases has caused needless expense to the court and other parties.  These expenses are discussed in the undersigned's March 3, 2015 order to show cause.

Finally, taken together, the above factors indicate that lesser sanctions would be inadequate to protect the court and other parties from further frivolous litigation by plaintiff.  In addition, because plaintiff is indigent, imposing monetary sanctions upon

---

[54] *See, e.g.,* Case Nos. 15-2285, 15-2289, 15-2307, 15-2309, 15-2312, 15-2313, 15-2310, 15-2607, 15-2622, 15-2627.

him is not a viable option.

It is therefore recommended that Judge Murguia consider the imposition of filing restrictions on plaintiff's future filings in order to protect the court from additional strain on its resources.

Plaintiff is hereby informed that, within fourteen days after he is served with a copy of this report and recommendation, he may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, file written objections to the report and recommendation.  Plaintiff must file any objections within the fourteen-day period allowed if he wants to have appellate review of the proposed findings of fact, conclusions of law, or the recommended disposition.  If no objections are timely filed, no appellate review will be allowed by any court.

A copy of this report and recommendation shall be sent to plaintiff by regular and certified mail.

Dated March 26, 2015 at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge